(No. 15293.—Reversed and remanded.)

THE DAMEZ FOUNDRY COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(JOHN WALTER
IMEL, Defendant in Error.)

*Opinion filed December 19, 1923.*

WORKMEN'S COMPENSATION—*when award for permanent total disability is not justified.* The burden is on the applicant to establish the fact that he is completely and permanently disabled as the result of his injury before he will be entitled to compensation for permanent total disability, and where the injury has resulted in a hernia and the evidence shows that it may or may not be permanent, and that the employee is able to do light work, although he is not able to do heavy work and has not much education, an award for permanent total disability is not justified.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

GALLAGHER, KOHLSAAT, RINAKER & WILKINSON, for plaintiff in error.

JOSEPH A. WEBER, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On January 7, 1920, defendant in error, John Walter Imel, sustained an accidental injury while employed by the Damez Foundry Company, and after a hearing before the arbitrator he was awarded $12 per week for a period of 38 weeks for total incapacity for work, as provided in paragraph (*b*) of section 8 of the Compensation act. On April 4, 1921, a hearing was had before the Industrial Commission upon a petition for review under paragraph (*h*) of section 19 of the act, reciting that the compensation awarded by the arbitrator had been paid but that the disability had recurred and increased. Upon a hearing of the petition the commission found that the disability had recurred and in-

creased, and that the petitioner, as a result of the injury, was completely disabled and rendered wholly and permanently incapable of work, and awarded compensation in the sum of $12 per week for a period of 253 weeks, $8 for one week, and thereafter a pension during life of $23.33 per month. The award was reviewed by the superior court of Cook county upon a writ of *certiorari* and the award was confirmed. A writ of error was allowed by this court.

The question presented to this court for decision is whether or not, under the evidence, there was any basis for an award and finding that defendant in error is completely disabled and wholly and permanently incapable of work as the result of the injury.

The award of the arbitrator was not reviewed by the commission and became automatically the decision of the commission, and no further proceedings were had until the petition for review under paragraph (*h*) of section 19 was filed, alleging that the disability had subsequently increased and recurred. The award of the arbitrator for the sum of $12 per week for 38 weeks has been paid.

The claimant is a man forty-nine years old and has been a molder since he was fourteen. He had been in the employ of the Damez Foundry Company for at least a year preceding the injury. About four years before the accident he was operated on for appendicitis and his gall bladder had been drained at that time. His accident and injury therefrom were received January 7, 1920, and necessitated an operation for a double inguinal hernia, which was performed January 22, 1920. A deep infection developed on both sides after the operation, which infection was later traced to the gall bladder or liver region, and it was found necessary to operate again in the gall bladder region and to evacuate a great amount of pus from that region. After a number of weeks of drainage and dressing and re-opening of the liver sinus the condition in the gall bladder region healed and the hernia likewise cleared up. After his oper-

ation in September, 1920, claimant went to work for the
A. C. Clark Manufacturing Company as a molder in the
aluminum foundry, where his duties were similar to those
performed with the Damez Foundry Company except that
they were lighter. He ceased work at the latter job in De-
cember, 1920, not because of the presence of a hernia, as it
appears, but because there was no further work to be done.
He remained at home until April 3, 1921, when he discov-
ered the recurring hernia while taking a bath. After this
he obtained a binder,—a fitting similar to a truss,—and was
wearing it at the time of the hearing on review.

The testimony of the claimant bearing on the question
for decision in this case was to the effect that he was not
able to do lifting because the hernia came back in April,
1921; but after the operation he seemed to be all right and
was able to do light work, which he did for more than two
months, but he does not know whether there is any other
work which he could do in his present condition; that he
has not much education, but he supposes he could run an
elevator and thinks he could do light work which does not
require lifting; that prior to receiving his injury he weighed
156 pounds and never lost any time. His physician, Dr.
Comes, testified that from the condition in which he found
claimant he would say that he could not follow any occupa-
tion which called for lifting, pushing or exertion of any
kind; that the condition is permanent but may improve, and
it may not. He further testified that there would be no
danger to his health in wearing a truss, and that there are
a great many people wearing trusses and doing heavy man-
ual work. He stated that if a successful operation for the
hernia were performed he would be able to do work that
he might not be able to do with a truss, but that he could not
say whether or not in this case he would advise an operation.

Drs. Coulter and Wells, as witnesses for the foundry
company, testified, in substance, that whether or not a

hernia disables a man from working depends entirely upon the facility or aid with which it is supported, and if the applicant were fitted with a properly-fitting truss he would be able to do work without danger to health or life,—any kind of work that did not call upon him for too great internal abdominal stress or strain that would force out the hernia. They further testified that claimant would be able to do lifting, and could lift as much as thirty or forty pounds with a fair degree of safety if he had a decent supporting apparatus fitted to him, and that he could do as much work as formerly in his present condition if he were fitted with a proper truss.

Neither the evidence of the claimant nor of the foundry company establishes the fact that the defendant in error is completely disabled and wholly permanently incapable of work as the result of the injury. All inferences from the testimony point to the fact that he is able to do light work, and he himself positively testified that he believed that he could do light work. The burden of proof was on him to establish the fact that he was completely disabled and wholly and permanently incapable of work as the result of the injury before he would be entitled to compensation for complete and total disability. He has failed to establish such proof. The evidence shows that he is perhaps entitled to compensation, but not full compensation for total disability to do work of any character.

The judgment of the circuit court is therefore reversed and the cause remanded to that court, with directions that the cause be further heard before the commission.

*Reversed and remanded, with directions.*